UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO OTINIANO,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br><br><br>JEFFREY MACOMBER,<br><br>　　　　　　　　　　Respondent. | Case No.: 3:24-cv-1230-CAB-LR<br><br>**ORDER DENYING REQUEST TO REOPEN ACTION** |

　　　　On July 15, 2024, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a request to proceed *in forma pauperis* ("IFP"). [ECF Nos. 1, 2.] On July 18, 2024, the Court denied Petitioner's IFP motion and dismissed the case because Petitioner's trust account statement indicated he could afford the requisite $5.00 filing fee. [ECF No. 3 (citing 28 U.S.C. § 1914(a)).] The Court also notified Petitioner that to have his case reopened he must pay the filing fee by September 9, 2024. *See id.* Petitioner subsequently submitted two "supplemental documents," both of which included a copy of a trust account withdrawal request. [*See* ECF Nos. 4, 5.] However, the filing fee was not paid and therefore, on December 13, 2024,

1

the Court dismissed the case for failure to pay the filing fee and ordered the Clerk to close the file. [ECF No 6]; *see* 28 U.S.C. § 1914(a).

On February 3, 2025, Petitioner filed a "Notice of Filing Fee," in which Petitioner states, "enclosed is [the] filing fee for habeas" and request the Court "reopen" his case. [ECF No. 9.] But again, Petitioner did not submit the filing fee but rather a "Request for Trust Account Withdraw" which does not include an approval signature. *Id.* at 2. To the extent Petitioner is asking the Court to deduct a filing fee from his trust account, the Court does not have the ability to do so. Nor can the Court to order prison officials to process a payment without further action from Petitioner because the Court does not have jurisdiction over those officials. *See Bradford v. Pickett*, 2021 WL 4060532, at *2 (S.D. Cal. Sept. 7, 2021) (explaining that the court lacked jurisdiction to compel an action by prison trust account officials).[1]

Finally, the Court declines to reopen the case or *sua sponte* extend time for Petitioner to submit the filing fee because review of the Petition shows it is subject to dismissal. In his only claim, Petitioner argues the imposition of certain "nonpunitive fines and fees" as part of his sentence are "invalid." [ECF No. 1 at 6, 8.] But "[t]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement." *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006). As such, Petitioner's challenge to the imposition of fines and fees "lack[] any nexus" his custody. *Bailey v. Hill*, 599 F.3d 976, 981 (9th Cir. 2010). Because "the elimination or alteration of a money judgment . . . does not directly impact—and is not directed at the

---

[1] While the Operations Manual for the California Department of Corrections and Rehabilitation does not specifically reference federal court filing fees, it requires inmates seeking to pay *state* court filing fees to submit a Form 193 Trust Account Withdrawal Order to the facility's trust office for approval. Cal. Dep't of Corrections & Rehabilitation, Operations Manual, § 14010.19.1 (manual updated through Jan. 1, 2022), available at https://www.cdcr.ca.gov/regulations/cdcr-regulations/dom-toc ("The fee is to be charged to the inmate's trust fund. Inmates shall fill out a CDC Form 193, Trust Account Withdrawal Order, specifically identifying the purpose of the withdrawal, the parties associated with the action, and the court where the filing is to be sent. The CDC Form 193 shall be processed in the trust office.").

1  source of the restraint on—[Petitioner's] liberty," the Court finds that the Petition is subject
2  to dismissal for lack of jurisdiction.  *See id.*; *see also Williamson v. Gregoire*, 151 F.3d
3  1180, 1183 (9th Cir. 1998) ("In general, courts hold that the imposition of a fine . . . is
4  merely a collateral consequence of conviction, and does not meet the 'in custody'
5  requirement.").

6  Based on the foregoing, the Court declines to reopen the action, and as such, it
7  remains DISMISSED.  The Clerk of Court shall close the file.

9  **IT IS SO ORDERED.**
10  Dated: February 11, 2025

Hon. Cathy Ann Bencivengo
United States District Judge