UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO OTINIANO,<br><br>         Petitioner,<br><br>v.<br><br><br>JEFFREY MACOMBER,<br><br>         Respondent. | Case No.:  3:24-cv-1230-CAB-LR<br><br>**ORDER: (1) RE FINAL DISMISSAL OF HABEAS ACTION AND**<br><br>**(2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

On July 15, 2024, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a request to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. On July 18, 2024, the Court denied Petitioner's IFP motion and dismissed the case because Petitioner's trust account statement indicated he could afford the requisite $5.00 filing fee. ECF No. 3 (citing 28 U.S.C. § 1914(a)). The Court also notified Petitioner that to have his case reopened he must pay the filing fee by September 9, 2024. *See id.* Petitioner subsequently submitted two "supplemental documents," both of which included a copy of a trust account withdrawal request. *See* ECF Nos. 4, 5. However, the filing fee was not paid and therefore, on December 13, 2024, the

Court dismissed the case for failure to pay the filing fee and ordered the Clerk to close the file. ECF No 6. *See* 28 U.S.C. § 1914(a).

On February 3, 2025, Petitioner filed a "Notice of Filing Fee," in which he stated, "enclosed is [the] filing fee for habeas" and asked the Court "reopen" his case. ECF No. 9. But again, Petitioner did not submit the filing fee. Thus, on February 11, 2025, Court notified Petitioner that his case remained closed. ECF No. 10. In the same order, the Court declined to extend time for Petitioner to pay the filing fee because the only claims raised in the Petition challenged the imposition of fines and fees (*see* ECF No. 1 at 6, 8–9) and "[t]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement." *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006).

Despite the Court's February 11, 2025 Order, Petitioner submitted the filing fee on March 13, 2025. ECF No. 11. The Court, however, again declines to reopen the case because the claims raised challenge only the imposition of fines and fees. Section 2254(a) permits a habeas petition to be entertained only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States, and "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010). "[T]he elimination or alteration of a money judgment . . . does not directly impact—and is not directed at the source of the restraint on—[Petitioner's] liberty." *Id.* at 981. The Court therefore lacks jurisdiction over the Petition and as such it remains dismissed. *See id*. at 982 (concluding "§ 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution [fine] imposed as part of a criminal sentence").

Additionally, the Court declines to issue a certificate of appealability ("COA"). A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a COA when entering a final order adverse to a petitioner. *See* Ninth

Circuit Rule 22-1(a). A COA should issue only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court declines to issue a COA because reasonable jurists would not find the Court's decision to dismiss the petition for lack of jurisdiction debatable.

## CONCLUSION AND ORDER

Based on the foregoing, the case is **DISMISSED** for lack of jurisdiction and the Court **DECLINES** to issue a certificate of appealability. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: March 21, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge